J-S22035-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| R.S., | : | |
| | : | |
| Appellant | : | No. 1733 WDA 2014 |

Appeal from the Judgment of Sentence Entered October 27, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0000983-2013

BEFORE: PANELLA, LAZARUS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:              **FILED JUNE 03, 2015**

R.S. (Appellant) appeals from the judgment of sentence entered on October 27, 2014, following his convictions for various sex offenses. After review, we affirm.

The trial court set forth the relevant factual and procedural background of this case as follows.

> This case involves Appellant's repeated sexual assault of his then[-]six[-]year[-]old granddaughter, A.S., at his residence [in] Venango Township, Erie County, Pennsylvania. During the first assault, Appellant touched A.S.'s vagina with his hand. Subsequent assaults, which took place every other weekend while A.S. visited the home, escalated into Appellant forcing A.S. to touch his penis and Appellant ejaculating after he penetrated A.S.'s vagina and buttocks. Appellant also ejaculated in A.S.'s mouth and forced her to swallow his semen. After the assaults, Appellant spanked A.S. and, at times, threatened to harm A.S.'s mother[, Appellant's former daughter-in-law,] if A.S. told anyone about the assaults.

*Retired Senior Judge assigned to the Superior Court.

On September 6, 2013, the Commonwealth filed a Motion to Introduce Evidence Of Other Crimes, Wrongs or Bad Acts Pursuant To Pennsylvania Rules of Evidence 404(b). On September 11, 2013, during a hearing on an unrelated matter, [the trial court] stated it would defer its ruling [on the Rule 404(b) issue] until [the] time of trial. [Following a hearing that occurred on the day of trial, the court granted the Commonwealth's Rule 404(b) motion.]

On September 25, 2013, following a two[-]day jury trial, Appellant was found guilty of [nine sex offenses related to the abuse of his granddaughter]. On January 15, 2014, [Appellant] was sentenced to [an aggregate term of 162 to 324 months' imprisonment. Appellant was also classified as a Sexually Violent Predator].

Trial Court Opinion, 12/4/2014, at 1-2.

Appellant filed his original notice of appeal on June 23, 2014, and complied with the trial court's directive to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). That appeal was dismissed for failure to file a brief. *Commonwealth v. Straub*, 253 WDA 2014 (Pa. Super. filed June 23, 2014) (*per curiam*). Appellant's appellate rights were ultimately reinstated by the trial court, and Appellant filed a timely notice of appeal and Pa.R.A.P. 1925(b) statement, addressing the same issue he raised in his original appeal:

Whether the trial court abused its discretion in granting the Commonwealth's motion to introduce evidence of other crimes, wrongs or bad acts pursuant to Pennsylvania Rule of Evidence 404(b) thereby preventing [Appellant] from testifying on his own behalf.

Appellant's Brief at 3 (unnecessary capitalization and suggested answer omitted).

Appellant's argues that the trial court's erroneous grant of the Commonwealth's Rule 404(b) motion precluded him from testifying on his own behalf at trial. Appellant's Brief at 7. Appellant is not entitled to relief.

The certified record reveals the following facts. Prior to trial, the Commonwealth sought to introduce Appellant's 1989 conviction for sexually assaulting his then-minor daughter, arguing that, although it occurred 22 years before the instant offense, the prior conviction was relevant and its probative value outweighed any prejudicial effect. Appellant argued that his prior conviction was prohibited prior bad acts evidence. N.T., 9/24/2013, at 47-49. The trial court determined that the evidence was admissible under Pa.R.E. 404(b) as substantive proof of a common plan or scheme of sexual abuse.[1] *Id.* at 49-56. Ultimately, the Commonwealth **did not** present the

---

[1] **(b) Crimes, Wrongs or Other Acts.**

> *(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> *(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

evidence of Appellant's prior conviction at trial. After the Commonwealth rested, Appellant waived his right to testify. N.T., 9/25/2013, at 3-4, 13-14.

Appellant has failed to convince us that his decision to waive his right to testify was based upon the trial court's grant of the Commonwealth's 404(b) motion. The trial court's order permitted the Commonwealth to introduce the prior conviction substantively. The Commonwealth did not introduce the evidence. Additionally, even if the evidence had been introduced, we fail to see how the grant of the motion in any way impacted Appellant's right to testify. Accordingly, we determine that he is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/3/2015

Pa.R.E. 404(b).